[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO MODIFY CUSTODY AND SUPPORT
The parties are the divorced parents of two minor children, Adrianna, who is eight, and Nicholas, who is seven. The children reside primarily with the plaintiff pursuant to an agreement approved by the court in October, 1999. The defendant has moved to modify custody, and the plaintiff has moved to modify child support.
The existing order provides that the children reside with the father on weekdays and with the mother on weekends. The defendant asserts that she made the agreement that led to that order when she was temporarily living CT Page 1531 in another part of the state with her father because her house had been foreclosed. She argues that she agreed to it only because she thought it was a temporary arrangement. The court does not find that the circumstances that led to the initial agreement are important in considering the custody motion, but rather what is in the best interests of the children now.
The court has considered the testimony of the witnesses, the recommendations of the guardian ad litem, and the relevant case law.
The plaintiff has done an exceptionally fine job in providing the children with a safe, warm, stable, and comfortable home during the time they have lived primarily with him. The defendant has been somewhat less organized and attentive to details regarding the children, and has not been good at planning their activities or involving herself in their educational needs. She has not always faithfully administered Nicholas' medications to his detriment. Despite these shortcomings, which are slight (except for the medication issue) and correctable, the children love her deeply, and want to spend time with her. Nicholas, particularly, finds it very upsetting not to be with his mother.
The court finds that it is in the best interests of the children that the defendant's motion to modify custody be granted, but that the modification from the present arrangement be very limited.
Accordingly, the following orders will enter.
1. The parties shall share joint legal custody of the two minor children, and the children will reside primarily with their father. The defendant will have access to all medical and educational records of the children and will be entitled to attend any extra-curricular activity in which they may be involved during her own and the father's parenting time. The plaintiff will provide her with a schedule of extracurricular activities, but the defendant will be responsible for obtaining information concerning school and school activities.
2. The defendant will have parenting responsibilities for the two minor children according to the following schedule:
 Weeks 1 and 3: Thursday at 5:00 p.m. through Sunday at 7:00 p.m.
Weeks 2 and 4: Friday at 5:00 p.m. through Sunday at 7:00 p.m.
 If there is a Monday holiday after weeks 2 or 4, the CT Page 1532 children will remain in the defendant's care until 7:00 p.m. on Monday if the defendant is not working on that holiday.
3. If the parties are unable to agree on parenting access for other holidays, they will return to court, no evidence having been presented which would enable the court to make a determination regarding holiday access. The parties will submit to mediation with Family Relations prior to a hearing if they are unable to reach an agreement. The court will retain jurisdiction. If the parties reach an agreement, the agreement shall be submitted to the court for approval and incorporation into this order.
4. The defendant shall pay child support to the plaintiff of $36.00 per. week, that amount being consistent with the child support guidelines.
5. When the children are in the defendant's care on school nights, she will comply with the bedtimes to which they are accustomed on school nights at their father's house.
6. All previous orders not inconsistent with these will remain in full force and effect.
BY THE COURT,
GRUENDEL, J.